## PURITAN CORDAGE MILLS v. SAMPSON CORDAGE WORKS.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1917.)

### No. 3017.

APPEAL AND ERROR ⊛⟹1195(3)—PRELIMINARY INJUNCTION—FINAL HEARING.

In a suit for unfair competition, the Circuit Court of Appeals held the plaintiff entitled to a temporary injunction; the testimony on final hearing was largely the same, the differences not weakening plaintiff's case or strengthening defendant's. *Held*, on a review of all the evidence, that a permanent injunction was properly granted, though the decision on the former appeal was not strictly or theoretically an adjudication of the questions of fact involved on final hearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4663-4665.]

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit by the Sampson Cordage Works against the Puritan Cordage Mills. Decree for complainant, and defendant appeals. Affirmed.

See, also, 146 C. C. A. 330, 232 Fed. 138.

T. K. Helm, of Louisville, Ky., for appellant.

Geo. O. G. Coale, of Boston, Mass., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is an appeal from a final decree against appellant, as defendant, in a suit for alleged unfair competition in the manufacture and sale of a certain type of sash cord. The case was here before on appeal of the present appellee from an order denying an application for a temporary injunction. We there held that plaintiff's testimony tended prima facie to make out a case of unfair competition by defendant, and, upon a consideration of the evidence presented on both sides, that appellant was entitled to an injunction pending final hearing. See Sampson Cordage Works v. Puritan Cordage Mills, 211 Fed. 603, 128 C. C. A. 203, L. R. A. 1915F, 1107, where the nature of the case and of the evidence presented is set out and discussed. Our order permitted defendant to sell, as then marked and labeled, all its stock then on hand, on giving bond to account for such profits and damages on account thereof as complainant might ultimately be found entitled to. Presumably such stock on hand was so disposed of, and it is to be inferred that in the three years which have elapsed since our former order defendant has not made or sold cord bearing the distinctive mark in question.

The District Court seems to have made its decree in plaintiff's favor largely because the court considered itself constrained so to do in view of our former opinion, and because, as expressed by the District Court:

"We have been unable to see how, if the record, as then made up, required us to grant a temporary injunction, it does not, as now made up, require us to make the injunction permanent."

We think the decree of the District Court should be affirmed. The testimony on final hearing was largely the same as on application for temporary injunction. The differences did not, on the whole, make plaintiff's case weaker, or the defendant's stronger, than presented ·on the former hearing. True, the decision on the former appeal was not strictly or theoretically an adjudication of the questions of fact involved on final hearing; for, on application for temporary injunction, considerations relative to convenience and inconvenience are taken into account, and final determination of ultimate rights not intended. But, after a careful consideration of the entire evidence, in connection with the able and valuable brief of counsel for appellant, we are constrained to the view that plaintiff was entitled to decree for final injunction and accounting. In view of our former opinion, and the discussion of the evidence there had, its rediscussion now would profit no one.

The parties have stipulated the amount of profits and damages to which plaintiff would be entitled under the accounting, and so a review of that question is uncalled for.

The decree of the District Court is accordingly affirmed, with costs.