## CANADIAN CLUB CORPORATION v. CANADA DRY GINGER ALE, Inc.

### No. 4475.

Circuit Court of Appeals, Third Circuit.

Feb. 16, 1931.

Frank L. Simpson and Chas. H. Stoddard, both of Boston, Mass., for appellant.

Edward S. Rogers, of Chicago, Ill., and C. Russell Phillips and Robert T. McCracken, both of Philadelphia, Pa., for appellee.

Before DAVIS, Circuit Judge, and THOMSON and WATSON, District Judges.

THOMSON, District Judge.

This is an appeal from an order entered by Judge Dickinson, of the Eastern District of Pennsylvania, refusing a preliminary injunction on the bill of complaint, filed by the Canadian Club Corporation, and granting a preliminary injunction to Canada Dry Ginger Ale, Incorporated, on the latter's counterclaim.

The substance of the preliminary injunction, so granted, was to enjoin the Canadian Club Corporation, its officers, agents, etc., pending the further order of the court therein, from using in connection with the manufacture, selling or offering for sale, of carbonated beverages, the words "Canadian Club" or "Canada Club Dry Ginger Ale," and also from licensing other persons to use said words in connection with the manufacture and sale of said beverages.

The injunction was granted to preserve the status of the parties and other privies, pending the final determination of the case. In cases of this character, and also in patent cases, a preliminary injunction will not ordinarily issue unless the plaintiff's showing is exceptionally clear. Where there is serious dispute, on material matters, it is usually wise to withhold the restraining power until the issues have been tried out on final hearing. In this case, it appears by the bill of complaint that the complainant, a New Jersey corporation, is engaged in making and selling extracts and malt beverages under the trade-name "Canadian" and "Canadian Club" and that these trade-marks came from one William Ireland and his successor, William Ireland, Incorporated, a Massachusetts corporation, and Canadian Extract Company, which was later named "Canadian Club Corporation," also a corporation of Massachusetts.

On December 23, 1929, all assets of this corporation, including good will and trademarks, were transferred to the Canadian Club Corporation, a corporation of New Jersey, the complainant.

The bill further alleges that the defendant, since February, 1926, has been manufacturing extracts and carbonated beverages, including ginger ale, marketed under the name, "Canada Dry," and that these words are deceptively similar to complainant's trade-marks "Canadian" and "Canadian Club." It therefore prays for an injunction restraining the use of those words as an infringement of its trade-mark "Canadian Club."

Most of the allegations of the bill are denied by the defendant. In addition, it is averred that "Canadian Club Beverage Corporation" brought suit against the "Canadian Club Corporation" in the Supreme Court of Massachusetts, to restrain it from using the trade-mark "Canadian Club," on carbonated beverages; that this suit resulted in a decree on December 3, 1929, of the Supreme Judicial Court of Massachusetts (168 N. E.

106), adjudging the complainant therein to be the owner of the trade-mark "Canadian Club," in respect to carbonated beverages, and restraining the latter from using, or licensing others to use, the said names on such products. Respondent further alleging that it succeeded to the business and rights of the "Canadian Club Beverage Corporation," including the good will and trade-mark "Canadian Club" in respect to carbonated beverages, prayed for a preliminary injunction.

It is not controverted that the defendant in this action, while not formally a party to the case in Massachusetts, in fact conducted that proceeding through its counsel as appears there of record, and upon the conclusion of the suit, on December 3, 1929, purchased the entire business, assets, and good will, and trade-mark "Canadian Club," from the "Canadian Club Beverage Corporation," the successful party in that case. The defendant here thus claims to own the trade-mark "Canadian Club," as applied to carbonated beverages, and continues to use it.

If it be true, as defendant claims, the complainant's predecessor, from whom it claims title, has no ownership or interest in the trade-mark, "Canadian Club," which is the subject-matter of the bill, the granting of a preliminary injunction was entirely proper. The decree of the court as entered in the Massachusetts case was in these words:

"Ordered, Adjudged and Decreed as follows; to wit:

"1. That the decree entered in this cause on February 25, 1929, dismissing the plaintiff's bill, be, and it hereby is, vacated and reversed.

"2. That a permanent injunction issue forthwith perpetually restraining the defendant corporation, its officers, employees, agents and servants, from using the name 'Canadian Club,' in the manufacture and sale of carbonated beverages, and also from licensing other persons to use this name in connection with the manufacture and sale of such beverages."

On the face of the decree, which seems to be in harmony with the opinion of the court rendered in the case, it appears to have been judicially determined that complainant's predecessor, from whom it claims title, had no ownership or interest in the trade-mark "Canadian Club"; and that such predecessor was perpetually enjoined from the use of that trade-name in the manufacture and sale of carbonated beverages. The court's preliminary injunction, therefore, based on that adjudication, has the prima facies of the case in its support. This injunction preserves the status between the parties and those in privity with them, under the decision of the Supreme Judicial Court of Massachusetts. On final hearing, the complainant will have full opportunity to present such facts, or advance such interpretation of the decree of the Massachusetts court, as it may deem sufficient to sustain its bill.

The decree granting a preliminary injunction is therefore affirmed.