## AMERICAN CRAYON CO. v. PRANG CO.
### No. 618.

District Court, D. Delaware.
June 26, 1931.

William G. Mahaffy, of Wilmington, Del., Carl Goepel, of New York City, and Charles E. Frohman, of Sandusky, Ohio, for plaintiff.

Clifford E. Dunn and David A. Woodcock (Duell, Dunn & Anderson), both of New York City, and Charles F. Curley, of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is an application by the defendant, the Prang Company, for an order adjudging the plaintiff, American Crayon Company, in civil contempt for violation of an injunction issued in this case April 5, 1930. The prior history of the case is recorded in (D. C.) 28 F.(2d) 515; (C. C. A.) 38 F.(2d) 448, and (D. C.) 50 F.(2d) 225.

The application must be denied. I think the matter does not call for a discussion either of law or fact. The defendant seeks to draw an analogy between the matter now before the court and the former contempt application of the plaintiff. It is obvious, however, from a reading of the record that there is no basis for defendant's contention. The conduct of American Crayon Company has been in marked contrast to that of the Prang Company. The former, at great financial loss, fully complied with the letter and spirit of the findings of this court and of the court of appeals. The latter studiously endeavored to find some means to evade the court findings and decrees and to recapture a portion or all of what it had sold to the American Crayon Company.

Further, it is apparent that the facts, upon which this proceeding is based, were known to the petitioner for many months before filing its application. This proceeding was not instituted until fifteen days after this court filed an opinion finding the Prang Company, the petitioner here, guilty of contempt for violation of the above mentioned decree. The neglect of the defendant to take prompt action after the facts were known to it satisfies me that this proceeding would not have been instituted if the action of the court on plaintiff's motion had been favorable to defendant. Mere lapse of time is not in all cases a sufficient answer to contempt proceedings. Delay in the absence of any adequate excuse, together with the circumstances of this case, is an additional reason for denying defendant relief.

The motion must be denied.