## GUERLAIN PERFUMERY CORPORATION OF DELAWARE v. KLEIN.

District Court, E. D. New York.

Dec. 1, 1931.

Mock & Blum, of New York City, for plaintiff.

Max Seidenbaum, of Brooklyn, N. Y., for defendant.

INCH, District Judge.

On October 28, 1931, plaintiff duly filed its bill of complaint against the defendant praying for a preliminary and permanent injunction enjoining the defendant from using certain trade-marks specified in the bill of complaint except to designate the genuine product, etc., and that the defendant also be enjoined from the use of all misleading labels, display cards, etc.

The defendant has answered, and the issue raised by the pleadings will be tried in due time.

All questions of fact between the parties must be determined at the trial and cannot be determined on this motion.

Plaintiff, by order to show cause, now seeks the preliminary injunction.

It is a general rule that preliminary injunctions should not be granted except in a clear case nor if there is a substantial doubt as to plaintiff's right thereto, for, in a sense, much, if not all, of the relief plaintiff seeks at the trial, is thus granted in advance, on affidavits.

However, as has been well said by Nims, in his book on Unfair Competition (3d Ed.) p. 928, § 366(c): "In some instances the issuance of a preliminary injunction is most important, if not vital to the protection of industrial products."

Having these observations in mind and exercising that caution that is required of a court not to damage the business of a defendant nor unreasonably hesitate to give proper protection to a plaintiff's business, we can briefly state the controversy between the parties as it appears on this motion.

Plaintiff is a corporation engaged in the business of making and selling perfumes. Its business has been long established, and its products are highly esteemed. Among these are the two perfumes mentioned in its bill of complaint as to which it has duly adopted a trade-mark and which trade-marks have been duly registered in the United States Patent Office, in accordance with the Act of February 20, 1905 (15 USCA § 81 et seq.).

The first is "Mitsouko," No. 179256, registered February 5, 1924. The second is "Shalimar," No. 216906, registered August 24, 1926.

These trade-marks have been exclusively used by plaintiff since their issuance. From the affidavit submitted, these perfumes are expensive and are in demand by discriminating customers.

The defendant, Samuel Klein, according to his affidavit, is doing business in this district under the name and style of "Villon Perfumer" or "Villon." He is a graduate pharmacist, duly licensed, having devoted himself to the study of the drug and perfumery business. His efforts, according to his affidavit, have been to use some of this expensive perfume of plaintiff's and create a "blend." This "blend" he puts in little vials and sells for 35 cents each. Defendant claims that this "blend" is superior to plaintiff's perfumes. As to this I express no opinion.

Both plaintiff and defendant are residents of different states, and all the requirements of jurisdiction are present.

It is unnecessary to burden this memorandum with matters that must be taken up at the trial. Suffice it to say that counsel for defendant, in his brief, states that defendant has ceased to advertise in the manner claimed here to be objectionable by plaintiff the "blend" relating to the perfume "Mitsouko." Relying on this assurance of counsel, the question raised as to this particular perfume may be passed, leaving it to the trial of the suit. Counsel for defendant likewise states that, "If the words 'genuine extracts' seem objectionable to the plaintiff the defendant is perfectly willing to omit the word 'genuine' from the cards." As there is no doubt that plaintiff does so contend, this assurance of counsel likewise will be deemed sufficient on this point, and we can pass to the perfume trade-marked "Shalimar."

■ The remainder of the controversy relates to the advertising by defendant of his blend by means of display cards, an original of which was presented to the court on the motion, and a photostatic copy of which is annexed to the bill of complaint.

These display cards, according to defendant, are intended to be hung up, but they are also placed by a druggist on the counter of his drug store. There is on each card twelve small vials of defendant's "blend" or "compound," each of which sells for 35 cents and around the base of each small vial is wrapped the following:

> "Guerlain's
> Shalimar
> et Villon
> Blend
> Rebottled by
> Villon, N. Y.
> Wholly
> Independent
> of Guerlain."

Plaintiff claims this is plainly misleading. Defendant contends it is not. Facts pro and con have been submitted.

Without going into this question of fact as to whether defendant can by proof show his use in any proper way of plaintiff's product in a "blend," I am satisfied, as a matter of common sense, that defendant plainly knows and intends that his very cheap product will be sold to customers, not because Mr. Klein as "Villon" makes it, but because the well-known concern of plaintiff appears to have a hand in it and the well-known perfume "Shalimar" is thus obtainable.

Those who purchase at a drug store are not, as a rule, as careful as the defendant would have them appear to be.

Consequently, entirely aside from any intentional deception there is no doubt in my mind that defendant is using, perhaps properly so, plaintiff's reputation for the sale of his "blend." And this is so whether or not defendant, in his affidavit, considers his "blend" superior, or, as he terms it, "his masterpiece" and that this "blend" is what the public really seeks.

■ At any rate, even if this were so and as long as he does use in addition the name and product of plaintiff's, he should at least inform this public of the proportions, showing plainly the amount used of plaintiff's product and that of his own. Prestonettes, Inc., v. Coty, 264 U. S. 359–367, 44 S. Ct. 350, 68 L. Ed. 731.

This can be accomplished by withdrawing the present display cards and substituting new ones in conformity with this opinion. This new card should not bear the word "genuine" as consented to by defendant, and should in large letters above the figure "35 cents" state the proportion of "Shalimar" used and the proportion of the remainder of the blend. Beyond this I do not care to go on this motion.

Plaintiff, on filing a bond in the sum of $500, approved by the court, is entitled to a preliminary injunction forbidding the use of the present display cards of defendant in accordance with the above, pending the trial of the suit, provided the defendant does not within ten days from the order herein and in good faith comply with this decision, in which event the motion is denied. Settle order on two days' notice.