## CANADIAN CLUB CORPORATION v. CANADA DRY GINGER ALE, Inc.

## CANADA DRY GINGER ALE, Inc., v. CANADIAN CLUB CORPORATION.

### Nos. 4830, 4817.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1932.

Rehearing Denied Sept. 23, 1932.

See, also, 46 F.(2d) 964.

Edward S. Rogers, of New York City, Robert T. McCracken and C. Russell Phillips, both of Philadelphia, Pa., and James F. Hoge, of New York City, for Canada Dry Ginger Ale, Inc.

Chas. H. Stoddard and Frank L. Simpson, both of Boston, Mass., for Canadian Club Corporation.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

After hearing on bill and on an answer setting up a counterclaim, the court entered a decree dismissing the bill and awarding relief on the counterclaim. Both parties appealed; the complainant on the theory that the decree is wholly wrong; the respondent because the decree, right so far as it goes, does not afford adequate relief. As these are more nearly separate appeals than cross-appeals, we shall dispose of them separately.

Appeal of Canadian Club Corporation.

Canadian Club Corporation filed a bill against Canada Dry Ginger Ale, Inc., for infringement of its registered trade mark "Canadian" and "Canadian Club" by using the expression "Canada Dry," and generally for unfair competition in passing off its carbonated beverages, particularly ginger ale, for those of the complainant.

The substance of this case has been discussed so many times in so many courts that a recital in this opinion of all that has gone before is not necessary. Our sole duty is to pass upon the decree and, if valid, to see that it is adequate.

The complainant failed to prove ownership of the trade mark because of the judicial fact that title of its predecessor to the mark for use in the manufacture and sale of carbonated beverages had been determined against it. Canadian Club Beverage Co. v. Canadian Club Corporation, 268 Mass. 561, 168 N. E. 106; Canadian Club Corporation v. Canada Dry Ginger Ale, Inc. (C. C. A.) 46 F.(2d) 964. It also failed to prove its allegations of unfair competition by the respondent, and, accordingly, compelled fact findings by the trial court (on the bill) that the respondent has not, in marketing its product, made use of the trade names "Canadian" or "Canadian Club" otherwise than by the use of the trade name "Canada Dry"; that it has not palmed off its product for that of the complainant and has not been guilty of any acts of unfair competition. On these found facts the court gave its conclusions of law that the respondent has the right in law to use, in marketing its product, the name "Canada Dry" and the other designated names or marks which it has used, and that, in consequence, the bill should be dismissed for want of equity.

That part of the decree which dismisses the complainant's bill will be affirmed.

Appeal of Canada Dry Ginger Ale, Inc.

The counterclaim of the respondent, Canada Dry Ginger Ale, Inc., is in the nature of a cross-bill, yet it asks for more than full relief as to matters charged in the original bill. Though of common origin, it should be observed that by this cross-bill the company brought a distinct suit against the Canadian Club Corporation. Continuing to speak of the parties as they stood below, on the cross-bill and supporting affidavits the District Court entered a decree granting a preliminary injunction against the complainant which, on appeal, this court affirmed. Canadian Club Corporation v. Canada Dry Ginger Ale, Inc., 46 F.(2d) 964. On remand, the case was tried and the court entered a decree directing that: "The preliminary injunction issued by way of cross-bill is hereby made permanent." The preliminary injunction, thus transmuted into a permanent injunction, restrained the Canadian Club Corporation, its officers, etc., "from using in connection with the manufacture, advertising, offering for sale, or sale of carbonated beverages the words 'Canadian Club,' or 'Canadian Club Dry Ginger Ale,' and also from licensing other persons to use said

words in connection with the manufacture and sale of said beverages; from threatening or intimidating the customers of Canada Dry Ginger Ale, Inc. (the cross-plaintiff); from dealing in Canadian Club Ginger Ale or other carbonated beverages, and from otherwise infringing the trade mark 'Canadian Club' applied to carbonated beverages of the said Canada Dry Ginger Ale, Inc."

The decree for a preliminary injunction was on the motion of the solicitor for the Canadian Club Corporation a re-settlement of a like decree broader in terms previously made. Notwithstanding the insistence of the solicitor for respondent that the final decree should be as broad as the court's findings of fact and conclusions of law, to only one of which it excepted, the learned trial court thought that the decision of this court on appeal from its decree for a preliminary injunction was the law of the case and felt that in granting relief it was limited to the terms of the preliminary injunction which this court had approved.

We are of opinion that the learned trial court was not restricted in awarding relief on a permanent injunction by this court's affirmance of its decree for a preliminary injunction. 46 F.(2d) 964. Our decision on the appeal from the decree granting a preliminary injunction was not an adjudication of the questions of fact involved on final hearing yet to be had. Puritan Cordage Mills v. Sampson Cordage Works (C. C. A.) 241 F. 671; Louisville & N. R. Co. v. Kentucky Commission (D. C.) 214 F. 465; De Forest Radio T. & T. Co. v. Westinghouse Electric & Mfg. Co. (D. C.) 13 F.(2d) 1014. It was a decision only on the showing made by affidavits. Our approval of the preliminary injunction, issued only for the sake of security, did not determine a substantive right of either party on the merits of the case; nor did it foreclose the trial court on final hearing from coming to some other conclusion. Waterbury Buckle Co. v. G. E. Prentice Mfg. Co. (D. C.) 294 F. 930; Drew v. Harman, 146 Eng. Rep. 620. We are constrained therefore to re-form the decree so that it shall afford relief commensurate with the court's findings of fact and conclusions of law, Barton et al. v. Rex-Oil Co. (C. C. A.) 29 F.(2d) 474; Andrew Jergens Co. v. Bonded Products Corporation (C. C. A.) 21 F.(2d) 419, 424; Trappey v. McIlhenny Co. (C. C. A.) 281 F. 23, 25, with all of which, after careful study, we find ourselves in full accord.

The pertinent findings of fact are these:

"The Canadian Club Corporation has sought to palm off its make of product upon purchasers as the product of Canada Dry Ginger Ale, Incorporated, and the Canadian Club Corporation has been guilty of acts of unfair competition." Then follows a group of fact findings as to the origin and growth of the trade name "Canada Dry," the regard in which it is held by the purchasing public, and the right of Canada Dry Ginger Ale, Inc., to use it exclusively as designating its product. The court then found that the respondent dressed its product in a way that was readily distinguishable from the product of complainant and that because of its dress it was, and still is, extensively known and sold throughout the United States. The court further found that the complainant licensed bottlers throughout the country to use on their ginger ale bottles labels containing the words "Canadian Club Dry Ginger Ale" and "Canadian Dry Ginger Ale," together with caps, foil, and neck and body labels resembling those used by Canada Dry Ginger Ale, so that the ginger ale put out by the complainant's licensees, both with respect to the names and general appearance, resembles the trade mark and distinctive get-up of Canada Dry Ginger Ale, Inc.

And, finally, the court found that "retail dealers who purchased from the complainant's licensees its product bearing the names 'Canadian Club Dry Ginger Ale' and 'Canadian Dry Ginger Ale,' labeled as aforesaid, in a large number of instances, have sold and passed off the product of the complainant's licensees without explanation or comment in response to calls for Canada Dry Ginger Ale; and that the names 'Canadian Club Dry Ginger Ale' and 'Canadian Dry Ginger Ale' are, in fact, deceptively similar to respondent's trade mark 'Canada Dry Ginger Ale' and deceive the public in the belief that the ginger ale to which the names 'Canadian Club' and 'Canadian' are applied is the Canada Dry Ginger Ale of the respondent."

On these found facts the court arrived at conclusions of law that the names used by the complainant are deceptively similar to the name "Canada Dry" as used by the respondent, and the get-up of the packages in which the complainant markets its product is likewise deceptively similar to the get-up of the packages used by the respondent; that the complainant by licensing bottles and retail dealers in ginger ale and carbonated

waters to use the respondent's name and dress has been guilty of unfair competition.

We think the decree should be broadened to restrain a repetition of the complainant's offending practices as they have been found by the court, but we do not think it should be framed in as general terms as the respondent desires. Such a decree might, conceivably, provoke endless contempt proceedings and call upon the court to try out new post-decree practices throughout the life of the competing companies contrary to the rule of this court in such case. Minerals Separation, Ltd., v. Miami Copper Company (C. C. A.) 269 F. 265; Prang Company v. American Crayon Company (C. C. A.) 58 F.(2d) 715.

Rather than protract this discussion we shall prepare the injunctive provisions of the final decree (in lieu of paragraph 2) which, when read upon the fact findings, will, we hope, disclose our reasons: We note, however, that nothing in this opinion shall be taken to adjudicate the claim of title of complainant to the trade-name "Canadian Club" as applied to syrups and extracts. The provisions of the decree will follow closely, and in some particulars exactly, the first decree for a preliminary injunction which was set aside by the second decree, later transformed into the final decree:

2. The complainant, Canadian Club Corporation, its officers, agents, servants, attorneys and employees, and each of them, hereby are permanently restrained from using in connection with the manufacture, advertising, offering for sale, or sale of any carbonated beverages the words "Canadian Club," "Canadian Club Dry Ginger Ale" or "Canadian Dry Ginger Ale," and also from licensing or continuing to license other persons to use the said words in connection with the manufacture and sale of said beverages; from dealing in Canadian Club Ginger Ale or other carbonated beverages under any of the said names; from using packages in dress and get-up deceptively imitative of the respondent's (Canada Dry Ginger Ale, Inc.) "Canada Dry" packages; from advertising or stating in fact or effect that its product is the original Canada Dry Ginger Ale; from threatening or intimidating the customers of the respondent and otherwise from infringing its trade mark.

We direct that the final decree be modified by substituting the above injunctive provisions for those now therein contained.

When so modified the decree will be affirmed with costs of both appeals assessed against the complainant.