## AMERICAN CRAYON CO. v. PRANG CO.
### No. 2732.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1932.

See, also (C. C. A.) 58 F.(2d) 715; (D. C.) 51 F.(2d) 737; (D. C.) 50 F.(2d) 225.

C. P. Goepel, of New York City (Charles E. Frohman, of Sandusky, Ohio, on the brief), for appellant.

Duell, Dunn & Anderson, of New York City (Clifford E. Dunn, of New York City, Raymond S. Oakes, of Portland, Me., and Daniel H. Kane, of New York City, on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

To summarize as briefly as possible the claims of the parties as presented in the plaintiff's bill and supplemental bill, and the defendant's answer, supplemental answer, and counterclaim which occupy eighty pages of the printed record, and such facts as are not in dispute:

The plaintiff, an Ohio corporation, in October, 1926, filed in the District Court of

Maine a bill in equity against the defendant, a Maine corporation, alleging that on March 1, 1918, the defendant had assigned to the plaintiff for a period of twenty years the right to the exclusive use of the trade name "Prang" and the monogram design "P. Co." in connection with the sale and distribution of certain school and art supplies, viz., crayons, pastels, oil and water color paints, pencils, erasers, and pens, excepting certain types of pens specified in the contract; that the defendant further obligated itself, in case it reorganized or transferred any of its rights or obligations to a successor or assigns, to bind such successor or assigns to maintain the covenant of the contract of March 1, 1918, as to the use of said trade-name and monogram, and that the defendant has violated its said agreement by directly or indirectly continuing to use the trade name "Prang" and the design "P. Co." in connection with the sale of the specified articles mentioned above, or by causing or permitting it to be done by others.

The covenants in said contract on which the plaintiff relies read as follows:

"4. The Prang Company does hereby covenant and agree with The American Crayon Company, its successors and assigns, and does hereby bind itself and its successors and assigns, that it will no longer use any of the tradenames or the name 'Prang' or the monogram design comprising the letters 'P. Co.' or the registered trademark of any or all of them upon any of the commodities specified, which it may hereafter manufacture, purchase or deal in. The right to use said tradenames, designs and trademarks upon said commodities shall be exclusive in The American Crayon Company in any part of the world in which it has or may desire to do business and to deal in the commodities hereinbefore mentioned.

"5. The Prang Company further covenants and agrees and binds itself, its successors and assigns, not to engage in the manufacture, purchase, sale or dealing in, except it be under contract from the Crayon Company, of any of the commodities hereinbefore described under any name or designation whatsoever, for the period of twenty (20) years from and after the signing and sealing of these presents, in the following described territory."

On February 6, 1925, the defendant transferred to a Delaware corporation of the same name the remainder of its live assets, which included approximately seventy-five articles of school and art supplies, with the right to use all its trade-marks, including the trade-name of "Prang," and the design "P. Co." in connection therewith. It had also previously entered a contract with reference to the sale or manufacture of some or all of the articles assigned to the Prang Company of Delaware with Laidlaw Brothers Company, a New York corporation, which was recognized in its contract with the Delaware company.

Following the transfer of its remaining live assets to the Prang Company of Delaware, complaints, claims, and counterclaims were made by the plaintiff against the Prang Company of Delaware, and by the Prang Company of Delaware against the plaintiff, of infringement of its rights to the use of the name "Prang" and the design "P. Co." under their respective contracts.

As a result, on October 6, 1926, the plaintiff brought a bill in equity against the Prang Company of Delaware in the federal District Court of Delaware, alleging infringement of its rights as to the use of the trade-name "Prang" and the design "P. Co.," and praying for an injunction and for an accounting in damages.

The Prang Company of Delaware filed a counterclaim in the action in the Delaware District Court, alleging that the plaintiff had infringed its right under the assignment to it by the Prang Company of Maine on February 6, 1925, to the use of said trade-name and monogram in connection with other products than those specified in the contract of March 1, 1918, between the plaintiff and the Prang Company of Maine. The District Judge in Delaware held that under its contract with the Maine company the plaintiff only acquired the right to the use of the name "Prang" and the monogram "P. Co." in connection with the sale and distribution of the specific articles mentioned in that contract, and that the Prang Company of Delaware under its contract of February 6, 1925, acquired the right to use the name "Prang" and the monogram "P. Co." in connection with the sale and distribution of all other articles of school and art supplies dealt in by the Maine company, except those named in its contract with the plaintiff. The District Judge in Delaware also found that each party had infringed upon the rights of the other. In other words, neither party was in the equity court with clean hands, and the court dismissed both the bill and counterclaim, 28 F.(2d) 515.

On appeal to the Circuit Court of Appeals for the Third Circuit, that court, 38 F.(2d) 448, sustained the findings of the

District Court, but held that each party had the right to the use of the trade-name and monogram under their respective contracts with the Maine company, in the use of which they were entitled to protection, and reversed the decree of the District Court dismissing the plaintiff's bill and the defendant's counterclaim, and ordered an appropriate injunction to issue against each party.

The Prang Company of Delaware, however, was later found on contempt proceedings to have violated the court's order, and was ordered to pay to the plaintiff as damages the sum of $4,932.24.

It also appears that the plaintiff brought proceedings seeking injunctive relief against Laidlaw Brothers Company in the Southern District Court of New York, which court granted the plaintiff similar relief to that ordered by the Circuit Court of Appeals in the Third Circuit.

On October 15, 1926, or within ten days after it began its action against the Delaware company, the plaintiff brought this action against the Maine company, but did not insist on a hearing until after the decision in the Delaware court. The present case went to hearing in the District Court of Maine in September, 1931. The only evidence offered by the plaintiff in this case was a copy of the proceedings in the District Court of Delaware, certain exhibits, and the testimony of its vice president. The defendant filed a counterclaim similar to that filed in the Delaware court, but offered no evidence.

At the close of the plaintiff's case, the defendant filed a motion that the plaintiff's bill be dismissed. It was urged by the defendant before the District Court that upon the record the rights of the parties in the case were decided in the Delaware case, as the Maine company and the Delaware company were privies in that litigation, and that the issues here raised were res adjudicata. The District Court sustained this contention and dismissed the plaintiff's bill, without costs.

Plaintiff's counsel appealed from this decision. We understand its contentions now to be: That the District Court of Maine erred in holding that the entire controversy between the parties here was decided in the Delaware case; that the Maine company violated the fourth and fifth paragraphs of its contract with the plaintiff by conveying to the Delaware company in 1925 the right to use the trade-name "Prang" and the monogram "P. Co." without referring to the contract with the plaintiff of March 1, 1918, and stipulating that the Delaware company should not in-

fringe upon the rights of the plaintiff under that contract, and with the intent, by subterfuge, to undermine and destroy the business of the plaintiff and by indirect means to deprive the plaintiff of all benefits under its contract with the Maine company; and that the acts done of which the plaintiff complains were done by the Delaware company or Laidlaw Brothers Company at the instigation or with the wrongful connivance of the defendant.

Plaintiff's counsel states its principal contention in their brief as follows: "The distinct ground of relief of this suit is that Prang-Maine is responsible for its own conduct, for breaching and disavowing its duties due to the plaintiff as obligee under the contract, and for an intermixture of deceit and imposition."

Plaintiff apparently accepts such facts as were submitted to the Delaware court for its determination, and determined by it; and whether binding or not as against this defendant, who was not a party to the suit in Delaware, the plaintiff does not now claim that it is entitled to use the trade-name "Prang" or the monogram "P. Co." in connection with any other articles than those specified in its contract. What it does claim is that the Delaware case was an action of tort for infringement, while this action is an action of contract based on the covenants contained in sections four and five of the contract above quoted, and that the District Court of Maine erred in holding that the present claims of the plaintiff are res adjudicata by reason of the judgment in the Delaware suit.

However, regardless of whether the District Court in this case erred in holding that the entire controversy is res adjudicata as between the plaintiff and this defendant, we think the decree of the District Court must be affirmed.

The plaintiff under its original bill sought injunctive relief against the Maine company from infringing upon the right of the plaintiff to the use of the trade-name "Prang" and the monogram "P. Co." under its contract of March 1, 1918; alleging that under paragraphs four and five of the contract the defendant agreed that it would not itself use the trade-name "Prang" or the monogram "P. Co." in connection with the articles specified; namely, crayons, pastels, oil and water color paints, pencils, erasers, and certain pens, and that it would not sell or manufacture such articles under any name or designation in the territory described in paragraph five. But there is no convincing evidence that the de-

fendant has done so, either by itself directly or indirectly through an assignee or agent. Neither is there any evidence that it has threatened or intends to do any business in the future, either directly or indirectly, in school and art supplies in violation of its agreement with the plaintiff.

It had the right to sell such supplies as agent of the plaintiff up to 1925, when it ceased to do business and conveyed the remainder of its assets to the Delaware company. There is no substantial evidence that since that time it has directly or indirectly transacted any business of any kind. On the contrary, the vice president of the plaintiff company in his testimony admits that he did not know of defendant's doing any business since its conveyance of its remaining assets to the Delaware company.

The plaintiff, however, complains under an amendment to its bill that the acts of infringement by the Delaware company and Laidlaw Brothers Company, of which it complains, were caused, allowed, or permitted to be done by the defendant; and, by reason of the covenants in paragraphs four and five, any act done by any one in contractual relationship with the defendant rendered the defendant liable therefor.

But the evidence, we think, does not warrant a finding that either the sale of its assets by the defendant to the Delaware company or its contract with Laidlaw Brothers Company was for the purpose of interfering indirectly with the rights of the plaintiff under its contract with the defendant, or that the defendant was the instigator of the wrongs alleged to have been done to the plaintiff by the Delaware company and Laidlaw Brothers Company. It would require clear and convincing proof of such a wrongful intent, which the case lacks; and we cannot assume without proof that any other corporation, individual, or partnership will, under assignment from the defendant, attempt to do what the Delaware company and Laidlaw Brothers Company have already been enjoined from doing. Its prayer for future injunctive relief against this defendant was therefore properly denied by the dismissal of its bill.

Neither does it appear that the defendant injured the plaintiff by merely failing expressly to bind its assignee or assignees not to use the trade-name "Prang" or the monogram "P. Co.," nor does the plaintiff claim or prove that it did. The plaintiff was fully protected by the law in the use of the trade-name "Prang" and the monogram "P. Co." in connection with the articles mentioned in its contract as against the assignees of the defendant.

Nor do we think the language of the paragraphs four and five can be construed as an indemnifying covenant in case of a violation by the assignees of the defendant; nor do we understand the plaintiff now claims it should be so construed. The plaintiff, therefore, under its contract cannot recover damages of this defendant occasioned by torts committed by its assignees, without proof that such torts were done at the instigation of the defendant, which it has failed to do.

It is not necessary to discuss the defendant's defense of election of remedies, or certain other technical defenses raised by the defendant's counsel.

The decree of the District Court is affirmed, with costs of this court.