466

**ROSS v. NEUVILLE et al.**
Civ. No. 1361.

District Court, E. D. New York.

Sept. 3, 1940.

Abraham J. Multer, of New York City, for plaintiff, for the motion.

Louis R. Bick, of Brooklyn, N. Y., for P. B. Neuville, Helen S. Cohen, and Ferdinand Worms, opposed.

CAMPBELL, District Judge.

The defendant Abner B. Neuville is not a party to this motion, not having been served with the motion papers.

This is an action for the alleged infringement of a trade-mark "Paulette" registered by the plaintiff on May 7, 1940, and for unfair competition.

There is no diversity of citizenship, as plaintiff and defendants are all residents of the State of New York.

Plaintiff, in his complaint, prays for an injunction.

The defendant's answers raise issues as to infringement and unfair competition.

In the moving papers herein it is alleged that, not knowing of any prior registration, plaintiff has been using the name "Paulette" for ladies hosiery, sold by him at wholesale since 1926.

That in 1938 plaintiff applied for registration of his mark and then learned of a prior registration in 1924, by one Seymour Butt, Inc., of the trade-mark "Paulette" on ladies hats.

After his attempt to register the trade-mark "Paulette" in 1938, plaintiff acquired title to the trade-mark registered by Seymour Butt, Inc., in 1924, and on May 7, 1940, the United States Patent Office, on the application of plaintiff, registered the Trade-Mark 377,414 containing the word "Paulette" for hosiery, printed in the particular manner therein shown.

The defendants, with the exception of Abner B. Neuville, who is the husband of the defendant Paula B. Neuville, and employed by Paulette Shoppe as a salesman, on January 19, 1935, filed in the office of the Clerk of the County of Kings a certificate that they were conducting business under the name "Paulette Shoppe".

Since that time, said defendants have conducted a retail business under that name, and at the time of the hearing of this motion were conducting business under that name, at two places, towit: 706 Flat-

bush Avenue and 43 Lincoln Road, both in the Borough of Brooklyn, City of New York, and within the Eastern District of New York.

The word "Paulette" is a French adaptation of the given name of the defendant Paula B. Neuville.

Neither on the photographs, in evidence, of the defendant's two stores, nor on the stockings handled by defendants, which are in evidence, does it appear to me that there is any attempt to simulate the type in which the word "Paulette" appears in plaintiff's registered trade-mark, and in addition, both on the signs on the stores, and in the marking on the stockings, in evidence, the word "Paulette" is used in conjunction with the word "Shoppe".

It also appears that the defendants do not pack the stockings sold by them under the mark "Paulette Shoppe" in boxes which in any way simulate the boxes in which the plaintiff packs the stockings sold by him under the mark "Paulette", nor do defendants simulate the bands used by plaintiff in packing the stockings.

The defendants are engaged only in the retail and not in the wholesale business.

This action is brought under Section 99 and not under Section 96 of Title 15 U.S.Code, 15 U.S.C.A. §§ 99, 96.

On the evidence offered on this motion, I am not convinced that any one would be deceived into believing that the shoppes or stockings in question were those of the plaintiff, or that the plaintiff can succeed in showing a right to recover under the act, or for unfair competition.

■ Plaintiff and defendants should be afforded an opportunity to present whatever evidence they may be able to produce on the trial, as there are two causes of action, and even if plaintiff may not be able to sustain its cause of action for infringement, it may be able to sustain its cause of action for unfair competition of which this Court would have jurisdiction. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272.

■ A preliminary injunction should not be granted if there is substantial doubt as to plaintiff's right thereon. Guerlain Perfumery Corporation of Delaware v. Klein, D.C., 56 F.2d 439; Canadian Club Corporation v. Canada Dry Ginger Ale, 3 Cir., 46 F.2d 964; H. Mueller Mfg. Co. v. A. Y.

McDonaly & Morrison Mfg. Co., C.C., 132 F. 585; Popular Mechanics Co. v. Fawcett Publications, Inc., D.C., 1 F.Supp. 292.

■ Defendants have been engaged in business under the the name "Paulette Shoppe" since 1935, without any action having been taken to stop them, by plaintiff's predecessor, and the plaintiff, even if it can succeed, will not suffer irreparable damage, in waiting for a trial until the October term, especially in view of the fact that said defendants have been in business since 1932, and there is no showing that they are not financially able to respond to any recovery that could be had against them.

Motion denied.