JEREMIAH DEVLIN, *et al.*, Respondents, *v.* JOHN S. DEVLIN, Appellant.

In an action brought by plaintiffs, who compose the firm of "Devlin & Co.," to restrain defendant from using their firm name, an injunction order was granted restraining defendant from displaying upon signs, etc., said firm name, and confining him to the use of his own "proper christian and surname conjoined," without devices which may tend "to mislead or induce the public to believe or suppose that he is the plaintiffs." Defendant thereafter put out a sign, upon which was "Devlin's clothing;" over the word "Devlin's," were defendant's initials "J. S.," with the number of his store "826" on each side of the initials. *Held*, that the facts justified a finding that the words and letters were so arranged as to deceive, and were so intended; and that an order adjudging defendant guilty of contempt was proper.

. (Argued March 27, 1877; decided April 3, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, adjudging defendant guilty of contempt.

This action was brought by plaintiffs, who compose the firm of Devlin and Co., to restrain defendant from using said firm name.

Plaintiffs were engaged in the clothing business. Defendant was engaged in the same business without a partner. He had a large wire sign hung across the street in front of his place of business, upon which were the words "Devlin & Co.," over them the letters J. S., in a monogram, with the number of his store "826" on each side, and below, the word "clothing."

An injunction order was issued in said action restraining defendant, his servants, etc., "from issuing, displaying or otherwise using, in or upon a sign or signs,     *     *     * the name or designation of Devlin & Co., either separately or conjunctively, with any word or words, or letter or letters monogram or other emblems or device ; and from using the said designation in any way or manner calculated to mislead or induce the public to believe or suppose that he is the plaintiffs, or that his store or the goods, wares or merchandize sold or offered for sale by him, are the store or the goods, wares or merchandize of the plaintiffs, Devlin & Co. ; and that the said John S. Devlin, his agents and employees, and each of them, forthwith discontinue and cease the issuing, displaying or using of all and every his sign,     *     *     * whereon the aforesaid designation, Devlin & Co., is printed or painted, appears or is used, and that he, the said John S. Devlin be and he is hereby confined—whenever the word or words Devlin appears or is used in his advertisements, signs, *     *     *     —to his own proper christian, middle and surname conjoined, and without monograms, signs or other devices which may tend to mislead or induce the public or any other person as aforesaid ; and it is further

"Ordered, that the said John S. Devlin be and he hereby is confined to the use of his own name—John S. Devlin or

J. S. Devlin—without the use of a monogram containing the initials J. S., or other device, as aforesaid; but nothing herein is to be construed or interpreted as preventing the said defendant from using his own name in his advertisements, signs or placards."

Defendant, after service of the order, changed his sign by putting the letters "J. S.," in place of the monogram, and in place of the " & Co.," putting the letter " S.," and a hand. So that the sign, as changed, appeared as follows:

"826     J. S.     826

DEVLIN'S ☞

CLOTHING."

The Special Term adjudged defendant guilty of contempt, imposed a fine, and directed the removal of the sign.

*Walter Edwards, Jr.,* for the appellant. A man cannot make a trade mark of his name to the exclusion of a like use of it by another of the same name, if the use by the latter is fair and unaccompanied by any contrivance to deceive. (Brown on Trade Marks; *Clark* v. *Clark*, 25 Barb., 79, 143; *Faber* v. *Faber*, 49 id., 357; *Halloway* v. *Halloway*, 13 Blac., 209; *Burges* v. *Burges*, 17 E. Lor., 257; *James* v. *James*, 13 Eq. Cas., 421; *Meneely* v. *Meneely*, 3 S. C. R., 553.) In order to charge defendant with contempt, it must be clearly proved against him. (*Potter* v. *Low*, 16 How. Pr., 549; *Weeks* v. *Smith*, 3 Abb. Pr., 211.)

*John E. Develin,* for the respondents.

CHURCH, Ch. J. Both the Special and General Terms have decided that the words and letters on the altered sign are so arranged as to deceive the public, and were so intended. The initial letters "J. S." being placed over the word Devlin, and flanked by the No. of the store of defendant, it is said violates the injunction not to use the defendant's christian and surname, in a manner calculated to deceive, and requiring that they must be conjoined. The facts will

justify this inference and in such a case the general rule is for this court to adopt the conclusions of the court below. The initials are not strictly *conjoined* to the surname, and it is probable that "Devlin's clothing" is still the distinguishing feature of the sign which the defendant was forbidden to use, and that from the situation of the initials between the figures on the top of the sign they would not or might not be understood to have been intended as a part of the name. The defendant may have intended to comply with the injunction, but the courts below think that he has failed to do so, and within the rule adverted to we feel constrained to follow their finding of fact, but as we concur with the learned judge, who delivered the opinion at General Term, that the decision "sails very close to the wind," we are inclined to affirm the order without costs to either party as against the other in this court.

All concur except EARL, J., dissenting.

Order affirmed.