HILDRETH et al. v. McCAUL.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

TRADE-NAMES—INJUNCTION—VIOLATION.

A temporary injunction restrained M., who had conducted a business under the name H. M. Co. from showing, displaying, or otherwise using the name of H. in or upon any papers, devices, or signs used in the business. Thereafter defendant issued a circular announcing H.'s death, and stating that he, as survivor, was the sole owner of the business. It appeared by affidavit, controverted by defendant, that in at least one instance the circular was inclosed in an envelope printed, "After 5 days return to H. M. Co., M., Prop.," and on which the name H. was plainly visible, though some blue ink was spread over it. *Held* sufficient to justify a finding that the order had been violated.

Appeal from special term, New York county.

Injunction by Demie W. Hildreth and Henry Segelken against Joseph M. McCaul. From an order adjudging defendant guilty of contempt in having violated an injunction order granted pending the action, and imposing a fine of $250, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

William Hughes, for appellant.

William Victor Goldberg, for respondents.

LAUGHLIN, J. The injunction order for the violation of which appellant has been adjudged guilty of contempt is the one considered on the appeal decided herewith. 74 N. Y. Supp. 1072. After that order was granted and served, appellant issued and mailed a circular to retail dealers in honey, beeswax, maple sugar, and maple sirup, announcing the death of Henry P. Hildreth, which occurred several weeks before, and stating that he, as survivor, was the sole owner of the business carried on at Nos. 120 and 122 West Broadway. It appears by an affidavit, which is, however, controverted by the defendant, that in one instance, at least, this circular was inclosed in an envelope upon which was originally printed:

"After 5 days return to
            Hildreth, McCaul Co.,
            Jos. M. McCaul, prop.
            120 & 122 West Broadway,
                    New York."

—And upon which the name Hildreth was left plainly legible, although some blue ink had been spread over it. The court was justified in finding that this circular thus issued was calculated and intended to continue the deception which it was the design of the injunction order to prevent, and the defendant was properly adjudged guilty of contempt. Devlin v. Devlin, 69 N. Y. 212, 25 Am. Rep. 173.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.