**JOHN B. STETSON CO. v. STEPHEN L. STETSON CO., Limited.**

No. 263.

Circuit Court of Appeals, Second Circuit.

June 23, 1942.

Harper & Matthews, of New York City (Maurice Bower Saul, Allen S. Olmsted, 2d, and Earl G. Harrison, all of Philadelphia, Pa., and Murray F. Johnson, of New York City, of counsel), for appellant.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Martin Conboy, David Asch, and Rudolph Taplitz, all of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal is the final phase of litigation commenced in 1934 with the filing of a suit by John B. Stetson Company charging Stephen L. Stetson Company, Ltd., and another with trade-mark infringement and unfair competition. The trial resulted in an interlocutory decree, D.C.S.D.N.Y., 14 F. Supp. 74, which on appeal was modified and, as modified, affirmed by this court in 85 F.2d 586, certiorari denied 299 U.S. 605, 57 S.Ct. 232, 81 L.Ed. 446. The final decree was entered October 21, 1938. It enjoined the defendants from infringing the plaintiff's trade-mark "Stetson," from engaging in unfair competition with the plaintiff, and from using the word "Stetson" in any form on hats or in advertising unless accompanied by one of the "Notices of Differentiation" prescribed by the decree. The present motion, brought on by verified petition and an order to show cause, charges a violation of the decree in respect to the provisions regarding advertising; it asks to have Stephen L. Stetson Company, Ltd., punished for civil contempt and perpetually enjoined from using the word "Stetson" in any form whatever on hats made or sold by it or in the advertising of them. The motion was heard upon affidavits and exhibits and was denied by an order entered January 13, 1942, from which the plaintiff has appealed.

The underlying facts of this litigation may be found in the opinions of Judge Woolsey and of this court relating to the interlocutory decree, and will not be here repeated. As appears from those opinions, both courts concluded that the addition of the prefix "Stephen L." to the surname "Stetson" would not suffice to differentiate the defendant's products from the plaintiff's. Accordingly a form of "Notice of Differentiation" was devised by Judge Woolsey, and approved by this court, for the purpose of preventing the confusion which the name "Stephen L. Stetson" had caused, and would continue to cause, if used without explanation. In all respects now material the provisions of the interlocutory decree were carried over into the final decree; they may be found in the footnote. * The defendant's advertising has consisted of the distribution to its dealers of display cards for use in

---

* The provisions of the interlocutory decree are printed in 14 F.Supp. 74, at pages 87, 88. For convenience the two forms of the prescribed notice and certain additional provisions of the decree are set out below.

The notice approved for linings and labels of hats and for boxes in which they are packed is as follows:

"Stephen L. Stetson
Hats
New York
By
Stephen L. Stetson Co. Ltd.
Incorporated 1933
NEVER CONNECTED IN ANY WAY
with
John B. Stetson Company
or Predecessors
Hat Makers in Philadelphia
Since 1865"

The notice approved for sweatbands and for display and other advertising is as follows:

"Stephen L. Stetson Co. Ltd.
Incorporated 1933
NEVER CONNECTED IN ANY WAY
with
John B. Stetson Company
or Predecessors
Hat Makers in Philadelphia
Since 1865" ·

The decree provided that "the dividing words 'Never Connected in Any Way' shall be printed in letters of substantially larger and bolder type than the matter above and below it; * * * except that when this Notice of Differentiation is used on linings and labels inside of hats or caps of the defendant Stephen L. Stetson Company, Ltd., the name 'Stephen L. Stetson' at the top of the said Notice of Differentiation may, if desired, be printed curved convexly upwards immediately adjacent to the other part of the Notice and may be printed in letters of the same size and boldness as the said dividing words, * * *"

Paragraph II(e) of the decree forbad any advertising "which does not contain one or the other of the Notices of Differentiation hereinabove prescribed."

Paragraph IV provided that on display advertising the notice of differentiation must be so printed as to be "reasonably legible" at a distance of five feet and so placed as to make the notice "always visible when the name 'Stephen L. Stetson' is visible, and to render it, as nearly as may be, impossible for dealer customers" to hide the notice without also hiding the name.

windows and on counters, and of the publication in a trade journal of page advertisements. For two and a half years the defendant was satisfied with a strict construction of the limitations imposed upon it by the decree; in its advertising it never used the Stetson name except as part of the notice of differentiation and the name was not in larger type than the words "Never Connected in Any Way." But commencing with its December, 1938, advertisement it adopted a more liberal view of its privileges under the decree and in subsequent issues it has progressively played up the name and reduced emphasis on the notice until in its advertisement for April, 1941, the name is the outstanding feature and the notice of differentiation is observable only upon a most careful scrutiny of the advertisement. The name "Stephen L. Stetson" in headline type occupies the entire first line, the corporate name and address in large type fill the bottom lines, and the notice is surrounded by an ornamental scroll which diverts attention and, with the "Never Connected" line printed in letters about one-sixth the size of the name, is buried in the body of the advertisement. The display advertising has undergone a similar development. In the broadside (exhibit 20) mailed to the trade in May, 1941, the name Stephen L. Stetson appears in huge type simpliciter five times and once in the corporate name, while the notice of differentiation is tucked away obscurely in a corner or margin. The natural result has been that dealer advertising in the local newspapers has likewise played up the name and de-emphasized the prescribed notice which is supposed to explain to the public that the hats of the defendant are not those of the well-known hatter by the name of Stetson whose business was founded in Philadelphia in 1865. In such advertising as the defendant is now putting out, we think it perfectly clear that the "Notice of Differentiation" does not serve to differentiate. If, as we said in 85 F.2d 586, at page 588, "It was plain that the name 'Stephen L. Stetson' taken alone would cause confusion, as it did," it is equally plain that advertising this name in banner headlines, while effectively suppressing the explanation that it was never connected with the plaintiff, will likewise cause confusion. In the words of Mr. Justice Holmes: "Of course the explanation must accompany the use, so as to give the antidote with the bane." Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U.S. 554, 559, 28 S.Ct. 350, 352, 52 L.Ed. 616. The antidote as well as the bane must be so displayed as to reach the consciousness of the reader, if the purpose of the decree is to be fulfilled.

The defendant argues that it has complied literally with the terms of the decree; all that is required is that the name "be accompanied by" one of the notices of differentiation; the size of the name which is to be so accompanied is not prescribed; and the provision in paragraph IV, that in display advertising the notice must be so placed as to be visible when the name is visible, would have been unnecessary if the decree contemplated any limitation on the use of the name outside the notice of differentiation or on the size of the name. We doubt that the decree, even taken literally, will bear so narrow a construction. Certainly the requirement of paragraph IV that the notice shall be "always visible when the name 'Stephen L. Stetson' is visible" cannot reasonably mean that the name may be large enough to be read across a room while the notice is legible at no greater distance than five feet. The five-foot requirement specifies the minimum, not the maximum, size of type for the notice, and in some of the display advertisements we do not find the notice "reasonably legible" even at the minimum distance. Therefore as to display advertising we find a breach of the injunction according to its strict letter. But the issue need not be determined on so narrow a basis. In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded. See High on Injunctions, 4th Ed., Vol. 2, § 1446; California Fruit Growers Exchange v. Sunkist Drinks, Inc., D.C.S.D.N.Y., 25 F.Supp. 401; Prang Co. v. American Crayon Co., 3 Cir., 58 F.2d 715; Ginsberg v. Kentucky Utilities Co., 260 Ky. 60, 83 S.W.2d 497; Gibbs v. Morgan, 39 N. J.Eq. 79; Weston v. John L. Roper Lumber Co., 73 S.E. 799, Ann.Cas.1913D, 373; Devlin v. Devlin, 69 N.Y. 212, 25 Am.Rep. 173. From what has already been said, it is plain that by displaying the Stetson name so conspicuously the defendant violated the spirit of the injunction and defeated its purpose, whether or not its strict letter was violated, in respect to the page advertisements as well as the display advertising. It can hardly be doubted that the defendant's purpose was to benefit from the confusion between its goods and the plaintiff's which

such advertising would produce. The order must be reversed and the cause remanded for assessment of damages.

The appellant asks further that the defendant be enjoined from any use of the name Stetson. Such drastic relief was denied on the prior appeal and we are not now disposed to grant it. As an alternative the appellant suggests that the Stetson name should not be permitted to be used except as part of the notice of differentiation. An injunction to this effect we believe to be necessary and proper. Compare L. E. Waterman v. Modern Fountain Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142; Coty, Inc., v. Parfums De Grande Luxe, Inc., 2 Cir., 298 F. 865. That a court of equity has power to modify its decree is beyond question. See United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999; Royal Baking Powder Co. v. Royal, 6 Cir., 122 F. 337, 348; A.L.I.Restatement, Torts, § 943(e). The defendant should also be required to recover from its dealers the offending display advertising, and to instruct its dealers not to use the name in advertising except as part of the prescribed notice of differentiation.

The order is reversed and the cause remanded for further proceedings in accordance with this opinion.