**JOHN B. STETSON CO. v. STEPHEN L. STETSON CO., Ltd., et al.**

No. 145.

Circuit Court of Appeals, Second Circuit.

Jan. 25, 1943.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Martin Conboy, David Asch, and Rudolph Taplitz, all of New York City, of counsel), for appellant.

Harper & Matthews, of New York City (Maurice Bower Saul and Allen S. Olmsted, 2nd, both of Philadelphia, Pa., and Murray F. Johnson, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

Upon the prior appeal an order denying the plaintiff's motion to hold the defendant in civil contempt was reversed and the cause remanded for further proceedings in conformity with the opinion. John B. Stetson Co. v. Stephen L. Stetson Co., Lt'd, 2 Cir., 128 F.2d 981. The present appeal is from the interlocutory decree entered upon our mandate. It is urged that the decree does not follow the mandate in three respects.

1. The decree directs a reference to a special master "to ascertain and report the expenses and damages which the plaintiff has sustained, including the said defendant's profits, by virtue of the said contempt." There is no error in requiring the defendant to account for profits in a civil contempt proceeding. Leman v. Krentler-Arnold Co., 284 U.S. 448, 457, 52 S.Ct. 238, 76 L.Ed. 389. The decree is no broader than the intendment of our opinion. In remanding for assessment of "damages" the word was used generically; it does not exclude damages in the form of profits. We cannot accept the argument that Rule 16 of the Civil Rules of the District Court for the Southern District of New York should be construed so literally as to require the moving party's affidavit to set out the evidence upon which the amount of damages in the form of profits may be determined. In the nature of things such facts cannot be known to the plaintiff and are known to the defendant.

2. We do not consider the restriction contained in paragraph 5 of the decree to be a departure from the intendment of our opinion and mandate. Moreover, counsel frankly admitted that the form of proposed decree submitted on behalf of appellant invited adoption of the language to which objection is now urged.

3. The letter which paragraph 7 of the decree requires the appellant to mail to its future dealer-customers imposes unnecessarily burdensome requirements. It will suffice if the letter follows the form printed in the margin.[1] We do not think it necessary to require future dealer-customers to sign and return a copy of such letter. A post office receipt showing the date of mailing and the name and address of the addressee will serve the purpose of proving that the customer was properly warned. The decree is modified as above indicated, and, as modified, is affirmed. No appellate costs are awarded to either party.

---

[1] "Gentlemen:

"In conformance with an order of the United States Circuit Court of Appeals for the Second Circuit we are hereby instructing you and all our other dealers that you must not use the name Stephen L. Stetson or Stephen L. Stetson Company, Ltd., in advertising except as part of one of the two notices of differentiation which have been prescribed by the Court and are enclosed herewith, and that such name must be of the same relative size and relationship to the other words in said notices as are shown on the enclosures. You must be very careful that all your newspaper and other advertising complies strictly with these requirements and that the Stetson name is nowhere used except as shown on the enclosures.

"Very truly yours,
"Stephen L. Stetson Company, Ltd."