FOOD FAIR STORES, Inc.

v.

SQUARE DEAL MARKET CO., Inc.

Civ. No. 1090-48.

United States District Court
District of Columbia.

Dec. 3, 1953.

Pheiffer & Weaver, Cummings, Stanley, Truitt & Cross, Washington, D. C., for plaintiff.

Bernard Margolius, Joseph B. Danzansky, Carleton U. Edwards II, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on a motion by the defendant to adjudicate the plaintiff in contempt of the decree of September 20, 1952, enjoining the plaintiff from "using or causing to be used in any manner, including advertising by newspapers, circulars, radio, television, or display, the name 'Food Fair' as a title, tradename, or on or associated with merchandise sold or offered for sale" by plaintiff and its subsidiary and associated corporations in Washington and the Metropolitan Area. (See 109 F.Supp. 637, affirmed 206 F.2d 482.)

The defendant has introduced in evidence in support of its motion many labels now used by plaintiff in Washington and the Metropolitan Area which show the goods to have been packed or distributed by plaintiff and on which the plaintiff's corporate name, "Food Fair Stores, Inc.," appears in a position subordinate to the trade name of the article, with the qualification "Philadelphia, Pa.," or "Baltimore, Md." (defendant's Exhibit No. 1). It is the defend-

ant's contention that such use of plaintiff's corporate name is in violation of the injunction, and that plaintiff may not use its corporate name in this area in any manner.

The plaintiff contends that it has made a good faith effort to alter its labels so as to comply with the injunction, that it was enjoined only from using the name "Food Fair" as a title or trade name or on its merchandise, and that it cannot be enjoined from using its corporate name to indicate the source of goods sold by it.

 Use of a corporate name in packaging goods may be barred if such use results in confusion of source. L. E. Waterman Co. v. Modern Pen Co., 1914, 235 U.S. 88, 94, 35 S.Ct. 91, 59 L.Ed. 142; Del Monte Special Food Co. v. California Packing Corporation, 9 Cir., 1929, 34 F.2d 774. However, the party whose trade name is not a technical trademark but has acquired secondary meaning is entitled only to such relief as is necessary to prevent confusion resulting from use by a competitor of a similar trade name. L. E. Waterman Co. v. Modern Pen Co., supra, 235 U.S. at page 96, 35 S.Ct. at page 93; John B. Stetson Co. v. Stephen L. Stetson Co., 2 Cir., 1942, 128 F.2d 981; Fawcett Publications, Inc., v. Popular Mechanics Co., 3 Cir., 1935, 80 F.2d 194; Food Fair Stores v. Food Fair, D.C.Mass.1948, 83 F.Supp. 445, affirmed 1 Cir., 177 F.2d 177.

I find that the injunction in this case does not restrain the plaintiff's use of the words "Food Fair" in combination with other words so as to prevent the use of plaintiff's corporate name in every manner. Hence, I find there has been no wilful violation by the plaintiff of the literal terms of the injunction, and I will deny the motion to adjudicate plaintiff in contempt.

I hold, however, that the intent of the court was to prevent such use by plaintiff of the words "Food Fair," by themselves or in combination with other words, as would cause confusion in the mind of the ordinary prospective purchaser as to whether the article tendered for sale was the product of the defendant or the plaintiff. I am inclined to the view that the plaintiff's labels included in defendant's Exhibit No. 1 may result in confusion of plaintiff's goods with those of defendant, since the ordinary purchaser might assume some association of plaintiff with defendant. The opportunity for such confusion can be avoided by placing in juxtaposition to plaintiff's corporate name words of equal prominence which clearly show that plaintiff is not connected with defendant, such as "not associated with Food Fair stores of the District of Columbia Metropolitan Area." I make no ruling in this matter, however, as it is not before the court on the present motion.

An order will be signed denying the motion to adjudicate in contempt.