BOOTS AIRCRAFT NUT CORPORA- TION and John W. Ferguson, Plaintiffs,

v.

KAYNAR MANUFACTURING CO., Inc., Defendant.

BOOTS AIRCRAFT NUT CORPORA- TION and John W. Ferguson, Plaintiffs,

v.

Frank A. KLAUS, Jr., and Kenneth Reiner individually and as co-partners doing business as The Kaynar Company, Defendants.

Civ. Nos. 60 C 663, 60 C 855.

United States District Court
E. D. New York.

April 25, 1961.

See also 196 F.Supp. 546.

Blair & Buckles, Stamford, Conn., for plaintiffs; Robert A. Buckles, Stamford, Conn., of counsel.

Strasser, Spiegelberg, Fried & Frank, New York City, for defendants; Laurence Rosenthal, New York City, of counsel.

ZAVATT, District Judge.

The plaintiffs, Boots Aircraft Nut Corporation and John W. Ferguson, move for an order adjudging the defendants in contempt of this court, claiming that they violated an order of this court made by Chief Judge Bruchhausen, dated November 14, 1960. The plaintiffs will hereafter be referred to in the singular or as "Boots."

This is an action, instituted July 8, 1960, for a declaratory judgment that Letters Patent No. 2,816,591 are invalid and that the plaintiff is not infringing the same. Another action for similar relief was instituted by the plaintiff in this court, September 14, 1960, against Frank A. Klaus, Jr., and Kenneth Reiner, individually and as co-partners, doing business as the Kaynar Company. These two actions were consolidated by the said order dated November 14, 1960.

On July 21, 1960 the Kaynar partnership instituted an action against the plaintiff in the United States District Court for the Southern District of California in which the partnership alleged that Boots, the plaintiff here, was infringing its Letters Patent No. 2,816,591. Thereafter Boots moved in this court for an order to enjoin the Kaynar corporation, its officers, directors, employees, agents, subsidiaries and affiliated firms and anyone in control or privity with them from bringing or prosecuting any civil action charging infringement of said letters patent. Boots claimed that the members of the Kaynar partnership were active officers and directors of the Kaynar corporation. The Kaynar corporation admitted that all of its stock was owned by the individual partners and that the Kaynar corporation was, in effect, a subsidiary of the Kaynar partnership. Boots' motion for such an injunction was granted in an opinion of Chief Judge Bruchhausen dated October 6, 1960.

On October 7, 1960, the plaintiff obtained the consent of its stockholders to sell to Townsend Company (a Pennsylvania corporation which the plaintiff ad-

mits in its moving papers does not do business within the State of New York) all of its assets except cash, United States Treasury bonds, claims for refund of income taxes, real property and the stock of the corporation.

On November 3, 1960 Boots served on the Kaynar corporation its proposed injunctive order for settlement on November 7, 1960. By November 3, 1960 Boots, knew that it was negotiating with Townsend to sell to it many of its assets and that its stockholders had already approved such a sale. The moving papers reveal that neither the Kaynar corporation nor the Kaynar partnership were aware of this transaction until November 23, 1960 when the President of Boots claims to have told Kenneth Reiner at a dinner in Pasadena, California that "the Boots Company had been bought out, lock, stock and barrel by the Townsend Company, a subsidiary of Textron, Inc." Thus the Kaynar group had no knowledge of this transaction when the proposed injunctive order was served, on the date specified for settlement, or on the date when the order was signed. It would appear that Boots did not advise either the court or the defendants of the pending sale of assets to Townsend.

On November 11, 1960 Boots and Townsend executed a contract whereby Boots agreed to sell and Townsend agreed to purchase the assets of Boots hereinabove described. On the very same day title closed pursuant to the contract and Townsend acquired the said assets of Boots with knowledge of and subject to the outcome of the two actions instituted by Boots in this court (subsequently consolidated) and the action by the Kaynar partnership against Boots pending in California.

Three days later and on November 14, 1960 Chief Judge Bruchhausen signed an order restraining the Kaynar group from prosecuting the California action and from bringing any other suits charging infringement of said letters patent. The terms of the order are as follows:

"Ordered that Defendant, Kaynar Mfg. Co., Inc. its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are hereby enjoined from bringing or prosecuting, or threatening to bring or prosecute any civil action charging infringement of United States Patent No. 2,816,591 against Plaintiffs, their agents or subsidiaries, or any one or more of them; this Injunction to extend until 30 days after judgment is entered herein or the complaint is dismissed."

Having been told on November 23, 1960 that Boots had been bought out lock, stock and barrel by Townsend, the Kaynar partnership instituted an infringement suit on December 7, 1960 in the United States District Court for the Southern District of California against Townsend, Textron, Inc., its parent corporation, and Harco Aviation Supplies, Inc., a corporation dealing in second hand aircraft parts, claiming that the defendants were infringing the said letters patent. Thereupon Boots moved this court to adjudge the corporate defendant Kaynar, the two Kaynar partners, the Kaynar partnership and their attorneys, guilty of civil contempt for having instituted this latter suit filed December 7, 1960.

On the argument of the motion, the plaintiff did not contend that Townsend was either the agent or a subsidiary of Boots. Rather it claimed "that Townsend, as the successor and assign of Boots, stands in Boots' place, insofar as this litigation is concerned;" that the order "must be read in the light of the decision and opinion on which it was based and the purpose for which the injunction was issued, i. e. to stop the harassment by the defendants." However, in its memorandum submitted after the argument plaintiff now argues that Townsend is an agent of Boots within the terms of the injunctive order because of certain language employed in the con-

tract to sell and in the indenture from Boots to Townsend.

1. Is Townsend the "agent" of Boots?

Under the contract and indenture Boots assigned to Townsend "all choses in action, including * * * pending suits". This would include the consolidated actions brought by Boots in this district. To effectuate this transfer, Boots "irrevocably constitutes and appoints Townsend * * * the true and lawful attorney for [Boots] and in its name and stead, *but at the sole expense and for the benefit of Townsend* * * * to institute and prosecute any and all proceedings at law * * * or otherwise which Townsend * * * may deem proper in order to collect, assert, or enforce *any claim or right, title or interest of any kind* in or to the Transferred Properties." On the basis of this language the plaintiffs conclude that Townsend is the agent of Boots.

■ But this argument forgets a fundamental principle of agency, *i. e.* that the agent acts on behalf of another and not for his own account. See Restatement, Agency (2d) § 1 (1958). Here Townsend, although nominally the attorney of Boots, and we may assume an agent to the same extent, is in fact acting for itself to protect its own interests and rights in the property acquired under the indenture, for "Townsend * * * shall be entitled to retain for its * * * own account any amounts collected pursuant to the foregoing powers."

■ There is other language in the indenture that so far as "agent" is concerned is more specific, but the effect there, too, is that Townsend is acting for itself and not for a principal. This provision states:

"III. This Indenture shall not constitute an assignment of any claim, contract, license, lease, commitment,

sales order or purchase order if an attempted assignment of the same without the consent of the other party thereto ' would constitute a breach thereof or in any way impair the rights of the Company thereunder. If such consent is not obtained, or if an attempted assignment would be ineffective or would impair the Company's rights thereunder so that Townsend would not in fact receive all such rights, then Townsend, its successors and assigns, may act as agent or agents for the Company as provided in the Purchase Agreement."

Thus, insofar as the order enjoined suits against "agents" of Boots, the Kaynar group did not violate the order in bringing an action against Townsend.

2. Does the order enjoin suits against successors or assigns of Boots?

The main thrust of Boots' argument is that the injunction order must be read and construed in light of the opinion of Chief Judge Bruchhausen and of the "evil" that this particular order sought to correct. One may also infer an *ejusdem generis* argument in plaintiff's brief, *i. e.* that "plaintiffs," "agents" and "subsidiaries" are general terms in a series that includes, when expanded, successors and assigns.

■ Whatever the merits of this approach may be, even in the special context of a contempt proceeding,* it seems to me that the plaintiff may not be given the benefit of any speculations as to the intent of Judge Bruchhausen in this case because he did not know of the transfer and Boots did. Boots having knowledge of the transfer could have prepared an order that would have dealt specifically with the situation. Instead, it chose to use language that misses the mark by a wide enough margin to allow reasonable attorneys to conclude that assigns and

---

\* See John B. Stetson Co. v. Stephan L. Stetson Co., 2 Cir., 1942, 128 F.2d 981, 983: "In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach * * * in

a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." *But see* 15 Cyclopedia of Federal Procedure 651 (3d ed. 1953).

successors were not contemplated by the order. Under the circumstances there seems to be no escape from the conclusion that the order must be strictly construed against the party requesting the relief, drawing the order, and having knowledge of the crucial facts. *Cf.* III Williston, Contracts § 621 (rev. ed.1936). I am aware that the moving papers assert that the patent attorneys for Boots were kept as much in the dark concerning the transfer as were Chief Judge Bruchhausen and the defendants, but the strict construction that I have adopted runs against the plaintiff not its attorneys.

The plaintiff also argues that the defendants have several courses of action open to them that could not possibly run afoul of the order—such as a motion to substitute parties pursuant to Rule 25 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This may be true but the inquiry is not what the defendants could have done safely but rather whether what the defendants did do constituted contempt. For their part the defendants contend that they acted because they had no assurance that Boots, now largely a shell, would diligently prosecute the declaratory judgment action or that Townsend would show any interest in proceeding in a forum not particularly convenient to it. But these arguments are beside the point. If suing Townsend et al. in California were a violation of the order it would not avail the defendants to argue the danger or ineffectiveness of possible alternatives. This is to say that the defendants acted at their peril, and while the risk is a function of the safe alternatives, such alternatives are not the measure of the violation.

It must be remembered that the only issue involved is whether the defendants shall be held in contempt of a particular order issued at a particular time and under a particular set of circumstances. Some of these circumstances having changed it might be appropriate to reevaluate the litigation, but in a setting other than a contempt proceeding. I cannot find that the defendants, Kaynar Manufacturing Co., Inc. or Frank A. Klaus, Jr. or Kenneth Reiner d/b/a Kaynar Co. or their attorneys are guilty of contempt of court.

Settle an order consistent with this opinion within ten days of the entry thereof.