**MOVERS CONFERENCE OF AMERICA et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**North American Van Lines, Inc., Intervening Defendant.**

**Civ. No. 1108–61–HW.**

United States District Court
S. D. California,
Central Division.

Jan. 3, 1966.

Macleay, Lynch, Channing & Bernhard, Donald Macleay, Russell S. Bernhard, Washington, D. C., Gibson, Dunn & Crutcher, Samuel O. Pruitt, Jr., John F. Olson, L. A., Cal., for plaintiffs.

Manuel L. Real, U. S. Atty., Los Angeles, Cal., Alan D. Sirota, Asst. U. S. Atty., San Diego, Cal., for defendants.

Before BARNES, Circuit Judge, and WESTOVER and KUNZEL, District Judges.

PER CURIAM:

Pursuant to a motion filed by plaintiffs, this court issued an order to show cause why the defendant Interstate Commerce Commission should not be ordered to vacate its order of May 6, 1964, insofar as it relates to Subsection (1) or (2) of Rule 1(a) (49 C.F.R. § 176.1), for the reason that said order violates this court's injunction issued April 2, 1962, in Movers Conference of America v. United States, 205 F.Supp. 82 (S.D.Cal.1962).

This court's order of April 2, 1962, provided,

"The order of the Interstate Commerce Commission dated June 19, 1961, insofar as it relates to Subsections (1) or (2) of Rule 1(a) (Title 49 C.F.R. § 176.1), is hereby annulled and set aside and the defendants, and each of them, and their officers, agents, and representatives are hereby enjoined and restrained

from taking any action to make effective or enforce all or any portion of the order of the Interstate Commerce Commission dated June 19, 1961, relating to Subsections (1) or (2) of the said Rule 1(a)." *Id.* at 86.

This order was not appealed from nor was a petition for modification filed.

On April 24, 1962, the Commission vacated and set aside its order of June 19, 1961, and reopened the proceedings for further consideration.

On May 6, 1964, without receiving any additional evidence, the Commission promulgated an order almost identical to the enjoined order of June 19, 1961. The only change was to add as exceptions certain examples of movements cited in this court's earlier opinion. Carriers holding "household goods certificates" could engage in these movements prior to the Commission's order of June 19, 1961.

Plaintiffs petitioned the Commission for reconsideration of its order of May 6, 1964, and cited several additional examples in which carriers holding household goods certificates have traditionally engaged in but which they would be precluded from engaging in by the Commission's order.

The Commission's order of March 16, 1965, denying the petition for reconsideration, states:

"*It further appearing,* That section 176.1, as clarified by the Commission in 95 M.C.C. 252, is now so worded as to delineate a just and reasonable scope of the household goods carriers' operations, that the types of movements given as examples by the court in the *Movers* case, *supra,* are recognized by the Commission as guideposts and not specific delimitations, and that it is not possible to foresee or to include in the definition all transportation situations which might arise and which were never intended to be construed as beyond the scope of household goods authority;

"*It further appearing,* That a reasonable construction of section 176.1, as modified in 95 M.C.C. 252, covers the situations enumerated by petitioners in the joint petition filed August 27, 1964, and brings such transportation within the scope of the household goods definition;"

As in the proceedings preceding the enjoined order of June 19, 1961, the Commission stated that clarification of Section 176.1 was needed because of the criminal proceeding in North American Van Lines, Inc. v. United States, 243 F.2d 693 (6th Cir. 1957). There the court found that an ambiguity existed in Section 176.1 when it pertained to the movement involved. However, there the movement did not involve the transportation of household goods but involved the transportation of stock-in-trade covered in Section 176.1(a) (2).

Plaintiffs take issue with the redefinition of Subsection (1) of Rule 1(a) which states that the term "household goods" shall be construed to include only property transported as an incident of a move of a householder from one dwelling to another, along with certain other movements.

Defendants' first contention is that plaintiffs' motion cannot lie because the subject matter enjoined by this court no longer exists. Defendants claim that since its enjoined order of June 19, 1961, was vacated by its order of April 24, 1962, the injunction also falls.

Defendants' second contention is that the court's injunction of April 2, 1962, was not violated because the second redefinition cures the features that this court found to be fatally defective to the first redefinition. Moreover, it is claimed that if there is a wrong to plaintiffs, it is *de minimis.*

Lastly, it is alleged that plaintiffs should have pursued other remedies.

In support of the first contention defendants cite several cases where an appellate court held that it was error for the lower court to enjoin an agency rather than to remand. The facts

in each of the cases cited were such that additional action by the agency was required. No such situation exists here. The new order of the Commission merely reiterates the order stricken down with certain minor changes. It has been well said,

"In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded."

John B. Stetson Co. v. Stephen L. Stetson Co., 128 F.2d 981, 983 (2d Cir. 1942). There is no room for error in interpreting the spirit and scope of the injunction. Our earlier opinion states:

"We conclude that the proposed order does redefine 'household goods' in a manner different from the existing definition commonly accepted within the industry by both the carriers and the Commission. In our opinion, the proposed redefinition narrows the term 'household goods,' excluding certain types of services previously thought to be contained within the meaning of the words involved. Since the Commission proposes to do this by a procedure other than that set forth in 49 U.S.C.A. § 312(a), the order is clearly erroneous in that it constitutes a deprivation of the rights of the household goods carriers without proper process of law."

Movers Conference v. United States, *supra,* at 86. If the Commission believed that the injunction was too broad, it should have applied to this court for modification rather than to proceed with a redefinition which is clearly violative of the injunction. Yanish v. Barber, 211 F.2d 467 (9th Cir. 1954).

In support of their second contention, defendants seek to reargue the merits this court decided in the earlier trial. There this court related examples of movements traditionally allowed under a household carrier's certificate, and no factual findings were made. Granted that the basis of this court's holding was that the order of the Commission of June 19, 1961, deprived the carriers of certain rights previously accorded, there is no indication in the opinion that the examples cited were all of the rights of which the carriers were being deprived.

Defendants earnestly contend that the language contained in the order denying reconsideration of the Commission's order of May 16, 1964, should overcome all objections to the redefinition of Section 176.1. However, plaintiffs still complain. Plaintiffs allege again that the movements contained in its petition for reconsideration were merely examples and that there are other movements in which household goods carriers were traditionally entitled to engage. It would appear that if the Commission desired to reinterpret 176.1 by including all movements which "household goods carriers" have been allowed to engage in under the certificates issued by the Commission, evidence should have been taken and findings made thereon. This would have eliminated the necessity for this court's reluctant intervention.

The answer to defendants' *de minimis* argument is that this court should not be called upon to make a factual determination where such an allegation is denied.

Defendants' last contention concerning alternative remedies available to plaintiffs cannot lie. This matter was adjudicated in this court, and no valid reason occurs to us why the remedy pursued here by plaintiffs is not proper.

Therefore, it is ordered that the Interstate Commerce Commission vacate its order of May 6, 1964, insofar as it relates to Subsection (1) (2) of Rule 1(a) of Section 176.1.