The NATIONAL NUTRITIONAL FOODS
ASSOCIATION and Solgar Co.,
Inc., Plaintiffs,

v.

Mark NOVITCH, Acting Commissioner
of Food and Drugs and Food and
Drug Administration, Defendants.

No. 84 Civ. 5108(MP).

United States District Court,
S.D. New York.

July 30, 1984.

Bass, Ullman & Lustigman by Jacob Laufer, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Amy Rothstein, Stephen A. Dvorkin, Asst. U.S. Attys., New York City, Edward M. Basile, Associate Chief Counsel for Enforcement, United States Food and Drug Administration, Rockville, Md., for the Acting Commissioner of the Food and Drug Administration.

## OPINION

MILTON POLLACK, Senior District Judge.

Plaintiffs apply for a preliminary injunction pursuant to Fed.R.Civ. 65(a), enjoining the Food and Drug Administration ("FDA") and its Commissioner from making effective on August 6, 1984 a regulation requiring certain labeling statements on products deriving more than 50% of their calories from protein (21 C.F.R. § 101.17, as published at 49 Fed.Reg. 13679–80 [April 6, 1984], scheduled to take effect August 6, 1984).

The label requirements provide for a warning on all protein products promoted for use to reduce weight unless certain exemptions apply. The regulation requires a label warning that "Very low calorie protein diets (below 400 Calories per day) may cause serious illness or death. Do not use for weight reduction [in such diets] without medical supervision." A second labeling requirement exempts from the foregoing first statement, products promoted for use in diets of more than 400 calories per day. In that connection, a warning notice is required stating in effect that for weight reduction protein products should be used only as directed in an accompanying diet plan or one which the manufacturer has the option of providing from an address where the diet plan may be obtained.

A third labeling requirement directs that food products represented or intended for dietary supplementation that derive more than 50% of their total caloric value from protein products that are represented specifically for purposes other than weight reduction and that are not, covered by the requirements of the first two categories mentioned above should bear the notice "Use this product as a food supplement only. Do not use for weight reduction."

The definition of "protein products" subject to the label warning requirements include only protein products marketed in liquid, powder, capsule, tablet, or similar forms. This consequently exempts from the regulation "traditional foods" such as fish containing high protein content. Plaintiffs attack the regulation as an attempt by the FDA to "destroy a major section of the food industry," to wit: that portion of the industry which manufactures and purveys the defined protein products by the requirement of a "death warning" for such products represented for use in weight reduction.

The defendants support the new regulation as rationally premised on concerns for public safety contemplated in the Federal Food and Drug Cosmetic Act ("the Act") and thus is both reasonable and within the FDA's statutory authority.

In 1980 the FDA had promulgated a regulation requiring the placement of warning labels on certain food products deriving more than half their caloric content from protein intended for very low calorie protein diets, namely, those below 800 calories per day. The earlier proposed regulation required labeling that such use of protein products may cause serious illness or death. That 1980 proposed regulation was enjoined by this Court and subsequently withdrawn. Defendants' position here is that the new regulation differs substantially from that enjoined in the earlier case. They contend that the new regulation was drafted in response not only to this Court's opinion in the earlier case, but also to the

decision of the District Court in the District of Columbia in *Council for Responsible Nutrition v. Goyan*, No. 80–1124 (D.D.C. August 1, 1980); views expressed by members of the food industry; new evidence (post-1980); and a review by the Commissioner of the evidence contained in the evidence contained in the administrative record on which the 1980 regulation was based. The revised regulation now before the Court was proposed in June, 1982. The regulation was modified after public comment was received, and was promulgated as modified in April, 1984.

■ Promulgation by an administrative agency, without the receipt of new evidence of an order which can be equated to one enforcement of which has been enjoined violates the injunction entered against the first order. *Movers Conference v. United States*, 251 F.Supp. 882, 885 (S.D.Cal.1966). As such, enforcement of the later promulgated order may be enjoined without reconsideration of the merits of the injunction. *Id.* at 885. In the instant case, the Court must thus determine whether the 1984 regulation is sufficiently similar to the 1980 regulation as to warrant injunction against enforcement of the 1984 regulation on the ground that it falls within the ambit of the continuing injunction against enforcement of the earlier regulation.

■ As indicated above, the questioned 1984 regulation appears in a three-tier scheme of statements. The first deals solely with diets intended for weight reduction whose nourishment is less than 400 calories per day and requires that liquid, powder, capsule or tablet protein used primarily to supply that nourishment be labeled with a warning that such a diet intended for weight reduction may cause serious illness or death.

In addition to the change from 800 calories to 400 calories per day as the point below which danger attaches, the 1984 regulation differs from the 1980 regulation in the following respects, in part:

1. The warning label requirement that life threatening aspects of very low protein calorie diets for weight reduction addresses diets of 400 calories or less rather than 800 calories or less. This warning requirement was amended to make clear that medical supervision was recommended only for diets of 400 calories or less. The exemptions from this first labeling requirement were expanded to exempt from warning all products promoted in diets of 400 calories *or more* rather than 800 calories or more.

The second and third required label statements were amended by substituting the word "Notice" for the word "Warning." The second required label statement was amended in the 1984 regulation to eliminate the requirement that the entire detailed diet plan be included on the labeling of the protein product if the manufacturer included a brief description of the plan in the labeling of the product and makes the complete diet plan available by mail. The second notice was also amended in the 1984 regulation to make clear that a protein product could be used for both weight reduction and food supplementation.

The only aspect of the three-tier scheme invalidated in *Council v. Goyan* was that portion of the first statement which defined very low calories protein diets as between 400 and 800 calories per day. The Court in *Council* found that there was insufficient evidence in the rule making record to warrant a warning that a daily calorie intake balance between 400 and 800 calories might cause persons illness or death. The propriety of the second and third of the statements was sustained, but even these statements were ordered temporarily remanded to the FDA on the theory that it would be inequitable to permit implementation of the second and third warning or notice requirements while the first warning was on remand. As already indicated, very low calorie protein diets now are defined as containing less than 400 calories per day, in conformance with the *Council* decision.

The form of the regulations considered by this Court in 1980 has thus been significantly and materially altered. In *Council v. Goyan* the plaintiff contended that some of its members' products, if used in diets as promoted, would involve a daily caloric intake of between 600 and 800 calories and that defendants had not sufficiently established that life threatening illness might result in such low calorie diets. The Court, after consideration of the sources relied upon by defendants and their rationale for their conclusion that a standard of 800 calories per day to define a low calorie diet was not supported by substantial evidence, and indicated that on the basis of evidence before it, 400 calories per day might be a more sustainable level for the required warning of death or serious illness. That was the reason for the remand to the agency for further study concerning the appropriate level at which risks of diets should invoke the warning of serious illness or death. That study was undertaken by the agency and the result is the reformulated 1984 regulation before this Court.

In sum, where the warning of serious illness or death is required on the label, the regulation deals with diets consisting primarily of the defined protein products. Such a diet, when it is below 400 calories per day, is in the studied opinion of the agency, with substantial support from respected sources, requires medical supervision. Such a very low calorie diet, consisting primarily of nourishment from the defined protein products, must be labeled with a warning that it is life threatening. It is sufficiently indicated by the agency record and the accumulated evidence that utilization of concentrated protein products as one's primary source of nourishment in a diet of less than 400 calories per day intended for weight reduction, can elicit various serious dysfunctions.

Plaintiffs contend that their products are not promoted for very low calorie diets as the primary source for nourishment used therein. However, the agency is entitled to find reasonably that this is a customary or usual use of such products in weight reduction diets by reason of the fact that they are used for such purposes with some frequency. Defendants have demonstrated that there now is more compelling evidence and a clearer assessment of old evidence connecting low calorie protein diets in weight reduction to sudden and unexpected cardiac deaths, and thus a reasonable basis for addressing the hazards posed by the use of low calorie protein diets. When an administrative agency has considered the relevant factors and a rational basis exists for its conclusions, a Court is not empowered to substitute its judgment for that of the agency. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) stated in that case the Court's inquiry into the facts is to be searching and careful, but the ultimate standard of review is a narrow one.

Plaintiffs contend that the FDA employed inappropriate rule-making procedures. However, the FDA's authority to use § 701(a) of the Act to make such general rules as are here challenged is well established. *National Nutritional Foods Association v. Weinberger,* 512 F.2d 688, 696–97 (2d Cir.), *cert. denied,* 423 U.S. 827, 96 S.Ct. 44, 46 L.Ed.2d 44 (1975). *See also National Nutritional Foods Association v. Califano,* 603 F.2d 327 (2d Cir.1979).

To establish a basis for an award of preliminary relief, a moving party ordinarily must meet one of two tests long recognized by this Circuit:

Preliminary injunctive relief in this Circuit calls for a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Jack Kahn Music Co. Inc. v. Baldwin Piano & Organ Co.,* 604 F.2d 755, 758 (2d Cir.1979).

In this case, where the proposed relief might affect the public interest, that interest must be weighed in the balance in considering whether it will be harmed by

the relief sought. As the Government correctly states, the granting of a preliminary injunction in this case would work a severe hardship on the public, some of whom, without the protection of the regulation in issue, might fall prey to their own ignorance combined with the popularity of ever-changing fads in reducing diets. The FDA's rule-making record documents deaths of otherwise healthy persons known to have used protein products in weight reduction very low calorie diets. As revised, the new regulation appears adequately supported by rational judgments as to relevant material.

Accordingly, plaintiffs' motion for a preliminary injunction is denied in all respects.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) Fed.R.Civ.P.

SO ORDERED.